```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH J. TAGGART              :      CIVIL ACTION
                                :
         v.                     :
                                :
FRANCONIA TOWNSHIP, et al.      :      NO. 10-2725
```

MEMORANDUM

Fullam, Sr. J.                                        April 12, 2011

      The plaintiff, proceeding *pro se*, has filed suit, alleging that when he purchased a residential property in 2004, he was not notified of the true identity of the seller and also raising claims related to an easement for sewer lines on the property. The plaintiff asserts claims against the real estate brokers, the sellers, and the local government authority and employees for fraud, misrepresentation, unfair trade practices, and (as to the government authority and related individuals) taking of property without due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution. The defendants have filed motions to dismiss.

      The Margaret Van Dyke Trust and the Estate of Margaret Van Dyke have moved to dismiss for insufficient service of process, alleging that service was attempted by leaving process in the mail box or on the porch of the residence of John H. Van Dyke, Jr., and who has since passed away, and who the plaintiff concedes was not the co-executor of the estate and therefore not the proper person to be served. The motion to dismiss for

insufficient service of process will be granted.  The plaintiff has filed a motion to extend the time to effect service on the Margaret Van Dyke Trust and the Estate of Margaret Van Dyke and he will be granted an opportunity to properly serve these defendants.

With regard to the motions directed to the substance of the claims, neither the defendants nor the plaintiff has set forth particularly cogent arguments.  The defendants argue first that the plaintiff has not met the amount-in-controversy or diversity-of-citizenship requirements of 28 U.S.C. § 1332, but the case is not grounded on diversity jurisdiction; the plaintiff has alleged violations of his rights under the federal constitution, and this Court therefore has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367, provided that the state-law claims are so related to the federal claims that they form part of the same case or controversy.  As all of the claims stem from alleged wrongful actions associated with the plaintiff's purchase of the property, this standard is met.

Several of the defendants argue that the plaintiff's claims for fraud and misrepresentation are barred by the "gist of the action doctrine," which prohibits the recasting of breach of contract claims into tort claims.  eToll, Inc. v. Elias/Savion Advert., Inc., 811 A.2d 10 (Pa. Super. Ct. 2002).  As the defendants acknowledge, however, the plaintiff arguably is not a

party to the easement agreement, and therefore dismissal on this basis would be premature. The plaintiff also alleges that the easement deprived him of his property interest, which is sufficient to state a claim at this early stage of the case.

The defendants also argue that the plaintiff has not stated a claim against them for fraud or for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§201-1 to 201-9.3. Although the protections of the act have been extended to the purchase of real estate for residential purposes, see <u>Growall v. Maietta</u>, 931 A.2d 667, 676 (Pa. Super. Ct. 2007), the plaintiff has not alleged what provisions of the act were violated so as to provide these defendants with adequate notice of the claims against them; similarly, he has not alleged fraud or misrepresentation with adequate specificity. These claims will be dismissed with leave to amend, as will the claim for punitive damages, as the plaintiff has not alleged facts that would warrant the imposition of punitive damages.

An Order will be entered.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam,   Sr. J.